IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JONATHAN LEE WALDNER  \*
   PLAINTIFF  \*
                                                    \*
VS.                                          \*    CIV. ACTION NO: 1:06-CV-1016-WKW
                                                    \*    Jury Trial Demanded
MICHAEL PATRICK & THE TOWN  \*
OF LEVEL PLAINS, ALABAMA        \*
   DEFENDANTS                           \*

## JURISDICTION

This action is brought pursuant 42 U.S.C. Sections 1983 and 1988 and the 4th and 14th Amendments to Constitution of the United States of America. Jurisdiction is founded upon 28 U.S.C. Sections 1332 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the courts supplemental jurisdiction to hear and decide claims arising under state law.

## THE PARTIES

Jonathan Lee Waldner is a resident citizen of Daleville, Dale County, Alabama. The Town of Level Plains is a municipal corporation organized under the laws of the State of Alabama located in Dale County, Alabama and Michael Patrick based upon information and belief is a citizen of the State of Alabama and at the time of the events made the basis of this civil action was an employee of the Town of Level Plains, Alabama.

## COUNT I

1. On or about the 13th day of November 2004 the defendant Michael Patrick was employed by the Town of Level Plains, Alabama as a police officer.

2. The Town of Level Plains, Alabama had been placed upon notice that the defendant Patrick had a proclivity for violence.

3. The Town of Level Plains, Alabama made the deliberate decision not to take disciplinary action to correct the dangerous propensities of the defendant Patrick.

4. As a result of the failure of the Town of Level Plains, Alabama to take remedial action with respect to the violent proclivities of defendant Patrick he was allowed to serve as a police officer on the 13th day of November 2004.

5. On that day defendant Patrick falsely accused the plaintiff of having an expired license plate notwithstanding the fact that the plaintiff's license plate was in fact renewed and had the appropriate sticker on the license plate.

6. The defendant Patrick threatened the plaintiff and advised him that he was going to arrest him for having an expired tag if he drove his motor vehicle on the public streets.

7. The plaintiff removed himself from the location where he and the defendant were and went to the Town Hall of the Town of Level Plains, Alabama for the purpose of filing a complaint against defendant Patrick.

8. While the plaintiff was at the Police Department/Town Hall located in Level Plains, Alabama the defendant Patrick did slam the door of the police station/town hall into the arm of the plaintiff causing the plaintiff personal injuries.

9. As a result of the personal injuries inflicted upon the plaintiff the plaintiff has been required to endure pain, suffering, has incurred medical bills for treatment and has suffered a temporary partial disability.

10. The conduct of the defendant was intentional and violated the plaintiff's right to be free from the use of excessive force by the defendant Patrick and by the officer's and employee's of the Town of Level Plains, Alabama.

11. The events complained of occurred pursuant to or under color of state law.

WHEREFORE plaintiff demands judgment against the Town of Level Plains, Alabama and against the defendant Patrick in a sum sufficient to adequately and properly compensate him for his injuries and damages.

## COUNT II

1. On or about the 13th day of November 2004 in the Town of Level Plains, Alabama the defendant Michael Patrick did commit an assault and battery upon the plaintiff thereby causing the plaintiff injuries and damages.

2. As a direct an proximate consequence of the injuries and damages incurred by the plaintiff as a result of the conduct of the defendant Patrick acting within the line and scope of his employment with the Town of Level Plains, Alabama, the plaintiff was caused to suffer injuries and damages including but not necessarily limited to partial disability, pain, suffering, inconvenience, loss of enjoyment of life and medical bills.

WHEREFORE plaintiff demands judgment against the defendants in a sum sufficient to compensate him for his injuries and damages as described above.

*[Signature]*
Charles N. Reese (REE010)
Attorney for Plaintiff
P.O. Box 250
Daleville, AL 36322
Telephone: (334) 598-6321

Plaintiff demands trial on all counts by struck jury.

*[Signature]*
Charles N. Reese